UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGESAILS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>NORTH SAILS GROUP LLC,<br><br>   Defendant. | Case No. 24-cv-07155-NW (SVK)<br><br>**ORDER GRANTING JOINT STIPULATION TO SUBMIT FOURTH INFRINGEMENT CLAIM CHART AND GOHSTAND DECLARATION; DIRECTING SUPPLEMENTAL STATEMENTS AS TO THE IMPACT ON DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 63, 78 |

Currently pending before the Court is Defendant's Motion to Strike Plaintiff's Infringement Contentions and Dismiss the case as a sanction, referred to the undersigned on September 29, 2025. Dkt. 63 ("Motion to Strike"); Dkt. 67. On October 22, 2025, the Parties submitted a joint stipulation requesting that this Court accept Plaintiff's fourth infringement claim chart (Dkt. 73-1) and the declaration of Daniel Gohstand, Plaintiff's CEO, explaining the reason for the submission (Dkt. 73-2). Dkt. 73. Having considered the Parties' submission and because the submission of the amended claim chart is not opposed by Defendant, the Court hereby **GRANTS** the joint stipulation and will consider Dkts. 73-1–73-2.

Having considered the claim chart, declaration and the Parties' joint submission in light of the pending Motion to Strike, it is unclear to the Court whether the Motion to Strike—which was directed to the initial and first amended infringement contentions—is moot. *See* Dkt. 63. Indeed, Plaintiff submitted second amended infringement contentions in opposition to the Motion, (*see* Dkts. 65, 65-3), which already complicated the briefing and caused Defendant to shift in its reply to arguing that the second amended infringement contentions should be struck (a) for failing to seek leave of court and (b) because they did not fix certain deficiencies pointed out in the original

Motion, (*see* Dkt. 66 at 10-13). Accordingly, the Court **ORDERS** as follows:

- Based on the Parties' joint stipulation, the Court accepts Plaintiff's fourth infringement claim chart (*i.e.*, the third amended claim chart) as the operative claim chart. Plaintiff **shall file**[1] its third amended infringement contentions, inclusive of a cover pleading and the infringement chart attached to the joint stipulation, for the Court and the public record **no later than November 12, 2025**;

- **No later than November 19, 2025**, the Parties shall file a joint supplemental statement, not to exceed **5 pages**, setting forth whether, in each Party's view, Defendant's Motion to Strike is moot in whole, in part or not at all.
    - To the extent a Party contends that the Motion to Strike is not entirely moot, the Party shall **state which bases for the Motion (Dkt. 63), with sub-heading citations, remain applicable given Plaintiff's third amended contentions**;

- Modest adjustments to this schedule may be made only by stipulation of the Parties; and

- Plaintiff is admonished that "Amendment of the Infringement Contentions or the Invalidity Contentions may be made **only by order of the Court** upon a timely showing of good cause." Patent L.R. 3-6. Plaintiff **shall neither serve nor file** any further amended contentions without seeking leave of Court. Plaintiff is further admonished that failure to adhere to the Patent Local Rules leads to confusion on the docket and inefficiency for the Court, and the Court may impose sanctions including, if appropriate, monetary sanctions for future noncompliance.

**SO ORDERED.**

Dated: November 4, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] Although Patent L.R. 3-1 requires service of infringement contentions, the Court orders filing here to aid the Court in considering the pending Motion to Strike.

2