UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGESAILS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH SAILS GROUP LLC,<br><br>    Defendant. | Case No. 24-cv-07155-NW (SVK)<br><br>**ORDER FINDING MOTION TO STRIKE NOT MOOT AND STRIKING WITH LEAVE TO AMEND THE THIRD AMENDED INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. Nos. 63, 81 |

Before the Court is Defendant North Sails Group LLC's ("North Sails") Motion to Strike Plaintiff ImageSails, LLC's ("ImageSails") Infringement Contentions and Dismiss the case as a sanction, referred to the undersigned on September 29, 2025. Dkt. 63 ("Motion to Strike"); Dkt. 67. On October 22, 2025, the Parties submitted a joint stipulation requesting that this Court accept ImageSails' fourth infringement claim chart (Dkt. 73-1) and the declaration of Daniel Gohstand, ImageSails' CEO, explaining the reason for the submission (Dkt. 73-2). Dkt. 73. The Court granted the stipulation but directed the Parties to submit a joint statement as to whether the Motion to Strike was moot, in whole or in part, based on the amended infringement contentions. Dkt. 79. Having considered the Parties' submissions, including the operative third amended infringement contentions (Dkt. 80-1, "Third Amend. Inf. Cont." or "Operative Contentions"), the Court finds the motion is **not moot** and **GRANTS IN PART** and **DENIES IN PART** the Motion to Strike.

I.    **BACKGROUND AND RULING ON MOOTNESS**

On October 15, 2024, ImageSails filed this action against North Sails alleging infringement of U.S. Patent No. 10,618,618 (the "'618 Patent"). Dkt. 1. The '618 Patent relates to "[a] process of printing an image or images on the sails of a watercraft … without altering or compromising the efficacy of the sails[.]" '618 Patent at Abstract. ImageSails filed an amended

complaint on December 2, 2024. Dkt. 15 ("FAC"). The Honorable Noël Wise denied North Sails' motion to dismiss, motion for sanctions and motion for attorneys' fees on May 30, 2025, (Dkt. 55), after which Defendant answered the complaint on June 13, 2025, (Dkt. 58 ("Answer")).

### A. Initial Infringement Contentions

Thereafter, on July 14, 2025, ImageSails served its initial infringement contentions. Dkts. 65 at 5; Dkt. 63-2 ("Initial Infringement Contentions"). The Initial Infringement Contentions consisted of a basic claim chart, with no cover pleading, mapping screenshots from North Sails' website onto the 13 elements of claim 1 of the '618 Patent. *See* Initial Inf. Cont. For example, next to the claim preamble, "A method for printing high-resolution images to wind-catching fabrics without compromising the performance of the wind-catching fabrics," ImageSails charted the below image:



**Production Options**

Initial Inf. Cont. at 6.

### B. First Amended Infringement Contentions and the Motion to Strike

North Sails sent ImageSails a letter on July 16, 2025 asserting certain deficiencies. Dkt. 63 at 6; Dkt. 63-3. ImageSails then provided a set of amended infringement contentions on August 1, 2025. Dkt. 65 at 5; Dkts. 63-4–5 (the amended claim chart and cover page, respectively) (together, "First Amend. Inf. Cont."). These amended contentions included a cover page, (Dkt. 63-4), certain information about the '618 Patent's file history and a revised claim chart, (Dkt. 63-5 ("First Amend. Claim Chart"). The amendments to the claim chart consisted of adding over 100

pages of screenshots of North Sails' sails to the mapping for the preamble element. *Compare* First Amend. Claim Chart at 5-193 *with* Initial Inf. Cont. at 4-7. The other claim elements, which previously stated that "Discovery will be needed to confirm that North Sails practices this element," remained essentially[1] unchanged.

North Sails moved to strike the initial and first amended contentions on August 28, 2025, arguing that they should be dismissed without leave to amend, that the case should thus be dismissed and that North Sails should be awarded attorneys' fees. Dkt. 63 at 7.

### C.   The Opposition, Second Amended Infringement Contentions and Reply

At the same time as filing its opposition, on September 11, 2025 ImageSails again served a revised set of infringement contentions. Dkt. 65 at 5; Dkt. 65-3 ("Second Amended Infringement Contentions"). These contentions include a similar cover page with an additional allegation of willful infringement. Second Amend. Inf. Cont. at 3. They also include a revised claim chart, which increases the number of screenshots of sails adds the following statement to each:

> This [or these] image[(s)] indicates that a method for printing high-resolution images to wind catching fabrics without compromising the performance of the wind-catching fabrics was utilized. In the alternative, an equivalent method was utilized because there are high resolution images on a sail (which is a wind-catching fabric), and the performance has not been compromised because there is a man sailing on the boat.

Second Amend. Inf. Cont. at 236-484 (all mapping to the preamble element). Similar screenshots and statements are added to the subsequent elements. *Id.* at 484-3522 (the "identifying," "selecting," "using image editing software," "exporting a two-dimensional copy," "importing a three-dimensional image file," etc., elements).

In its reply, North Sails added a request to strike these second amended infringement contentions both as substantively deficient and because Plaintiff failed to show good cause under the Patent Local Rules. *See* Dkt. 66 at 5-6.

---

[1] For other claim elements, ImageSails initially either charted a subset of the images included for the preamble or explained why it could draw an inference of infringement based on the end result. *E.g.*, Initial Inf. Cont. at 8-9. In its First Amended Infringement Contentions, this approach was effectively unchanged as ImageSails incorporated, "[u]pon information and belief, all screenshots and websites as shown above" and stated that "[d]iscovery may be needed to confirm infringement of element." First Amend. Claim Chart at 194-195.

### D. The Operative Third Amended Contentions

On October 22, 2025, the Parties submitted a stipulation requesting that this Court accept ImageSails' fourth infringement claim chart (Dkt. 73-1), *i.e.*, third amended infringement contentions, as well as the declaration of Daniel Gohstand, ImageSails' CEO, explaining the reason for the submission (Dkt. 73-2). Dkt. 73. The Court granted the stipulation but directed the Parties to submit a joint statement as to whether the Motion to Strike was moot, in whole or in part, based on the many-times-over[2] amended infringement contentions. Dkt. 79.

The operative, third amended contentions have the same one-page cover pleading as the second amended contentions but *remove* the thousands of pages of screenshots. *Compare* Second Amend. Inf. Cont. at 236-484 (preamble) and 484-3522 (other claim elements) *with* Third Amend. Inf. Cont. at 235-43 (preamble) and 244-48 (other claim elements). In their place, the third amended contentions return to the basic screenshots for the preamble as included in the initial infringement contentions and proffer reasons why, in ImageSails' view, evidence is likely to show infringement of other claim elements. *Compare* Initial Inf. Cont. at 4-7 *with* Third Amend. Cont. at 240-43 (preamble); *Compare* Initial Inf. Cont. at 8-11 *with* Third Amend. Cont. at 240-43 (preamble) at 244-48 (other claim elements).

On November 19, 2025, the Parties submitted the statement setting forth their respective positions as to mootness. Dkt. 81.

### E. In Light of the Record in this Action and for Judicial Efficiency, the Court Finds that the Motion to Strike is Not Moot

For its part, ImageSails contends that the motion is moot or, in the alternative, that it should be treated as a motion to compel further supplementation (and requests leave to further amend its contentions as necessary). Dkt. 81 at 2-4. Meanwhile, North Sails contends that, aside from background facts about the non-operative contentions, the arguments remain broadly

---

[2] The Court also admonished ImageSails that it must comply with the Patent Local Rules, including Patent L.R. 3-6, which permit amendment of contentions "**only by order of the Court** upon a timely showing of good cause." As evident by ImageSails repeated amendment without leave of court (*see* First Amend Inf. Cont., Second Amend Inf. Cont.), this admonishment is appropriate thrice over.

applicable. *Id.* at 4-6 (arguing that Section I, "Introduction" remains thematically applicable; Section II "Background Facts" is not strictly applicable "but the issues discussed [therein] remain;" Section III "Argument" remains fully applicable as to subsection A, "remains in concept" as to subsection B, and remains fully applicable as to subsections C-G because "[n]othing has been done to correct these deficiencies.").

The Court determines that the Motion is **not moot** for two reasons. First, the particular record of amendment in this action supports this outcome. The third amended infringement contentions—while certainly a massive change from the second amended infringement contentions—are highly similar to ImageSails' *initial* infringement contentions. Thus, the Court agrees with North Sails that many, if not all, of the arguments made in its Motion are applicable with equal force to the third amended infringement contentions (which the Court now refers to as the "Operative Contentions"). Second, judicial economy supports reaching the merits of the issues raised by North Sails; if the Court denied the motion as moot, North Sails could file substantially the same motion (and ImageSails substantially the same opposition), and the Court would turn to this issue down the road, leading to inefficiencies and delay for the Parties and the Court.[3]

## II. LEGAL STANDARD

### A. Patent Local Rule 3.1 – Infringement Contentions

"This District's Patent Local Rules aim to make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Unicorn Energy AG v. Tesla Inc.*, No. 21-cv-07476-BLF (SVK), 2023 WL 4670294, at *1 (N.D. Cal. July 19, 2023) (quotation marks and citations omitted). Under Patent Local Rule 3-1, the party alleging patent infringement must serve infringement contentions. Patent L.R. 3-1. Among other things, the contentions must identify each claim of a patent that is allegedly infringed and, for each asserted claim, "each accused apparatus, product, device,

---

[3] This outcome is also implicitly recognized by ImageSails' request, in the alternative, that the Court treat the motion to strike as a motion to compel amendment. *See* Dkt. 81 at 4. Such motions are two sides of the same coin and, "[w]here appropriate, the Court will treat a motion to strike as a motion to compel amendment." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *12 (N.D. Cal. Apr. 2, 2015) (collecting cases).

5

process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware." Patent L.R. 3-1(a), (b). "This identification shall be as specific as possible" and must include "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c).

Infringement contentions "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement and to raise a reasonable inference that all accused products infringe." *SAGE Electrochromics Inc v. View Inc*, No. 12-cv-06441-JST (DMR), 2013 WL 4777164, at *1 (N.D. Cal. Sept. 6, 2013) (citing, *inter alia*, *Shared Memory Graphics, LLC v. Apple, Inc.*, 812 F.Supp.2d 1022, 1025 (N.D. Cal. 2010) and *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002)). The Rules do "not require the disclosure of specific evidence or require a plaintiff to prove its infringement case but[,] to the extent appropriate information is reasonably available to it, a patentee must nevertheless disclose the elements in each accused instrumentality that it contends practices each and every limitation of each asserted claim." *Unicorn Energy*, 2023 WL 4670294, at *2 (cleaned up) (citing *SAGE Electrochromics*, 2013 WL 4777164, at *2)).

### B. Patent Local Rule 3.6 – Amendment of Contentions

"Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. In the context of a motion to strike, "[w]here appropriate, the Court will treat a motion to strike as a motion to compel amendment." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *12 (N.D. Cal. Apr. 2, 2015) (collecting cases). In such cases, "[s]triking a patentee's infringement contentions is a severe sanction that should be used sparingly and only for good cause." *Id.* For example, courts in this District have explained that patentees may be denied leave to amend where they "fail[] to respond to an argument therefore concede[] it through silence" or "steadfastly maintain[] that [they] should not be required to incur the time and expense required to cure the deficiencies." *Universal Connectivity Technologies, Inc. v. HP, Inc.*, No. 24-cv-04097-NW (SVK), Dkt. 160 at 19-20 (N.D. Cal. Sept. 8, 2025) (cleaned up) (citing, respectively, *Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-cv-01647-YGR (JSC), 2015 WL 335842, at *6 (N.D. Cal.

6

Jan. 26, 2015); *Shared Memory Graphics LLC v. Apple Inc.*, No. 10-cv-02475-MMC (JSC), 2011 WL 3878388, at *8 (N.D. Cal. Sept. 2, 2011)).

### III.   DISCUSSION

North Sails' Motion to Strike asks the Court to strike the Operative Contentions, dismiss the complaint with prejudice and award attorneys' fees under 25 U.S.C. § 285. *See* Dkts. 63, 81. The Court first addresses the merits (*i.e.*, whether the Operative Contentions are deficient) and then determines whether North Sails' proposed remedies are appropriate.

#### A.   ImageSails' Operative Contentions Are Deficient in Several Respects

North Sails' challenges to ImageSails' infringement contentions fall into several categories. First, North Sails argues that ImageSails' contentions are deficient as to the preamble element, because charting "[numerous] pages of screenshots with no analysis is clearly insufficient under" the Patent Local Rules. *E.g.*, Dkt. 63 at 12. Second, North Sails argues that the other claim elements are insufficiently charted because assertions of infringement "[u]pon information and belief" with statements that "discovery [is or may be] needed" are insufficient. *Id.* at 11-12. Third, North Sails argues that ImageSails cannot assert that claim elements are infringed under the doctrine of equivalents using mere boilerplate placeholders. *Id.* at 14. Fourth, North Sails argues that ImageSails' assertion of willful infringement is insufficient. *Id.* Fifth and finally, North Sails notes in its mootness statement that portions of the Operative Contentions are directed to Quantum Sails, a sister company of North Sails ("the same holding company ultimately owns both companies") but who is not a party to this case and over whom Defendant "has no control or influence." Dkt. 81 at 5. The Court addresses each issue in turn.

##### 1.   ImageSails Operative Contentions are Deficient as to the Preamble

As to the preamble element, the Court finds the Operative Contentions are deficient. Under the Patent Local Rules, infringement contentions may not consist solely of screenshots without *any* analysis as the Operative Contentions do. *See* Third. Amend. Inf. Cont. at 240-43. Infringement contentions "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement and to raise a reasonable inference that all accused products infringe." *SAGE Electrochromics Inc*, 2013 WL 4777164, at

*1 (citing, *inter alia*, *Shared Memory Graphics, LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) and *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002)). ImageSails must include sufficient analysis to explain *how* the screenshots support its assertion that "[a] method for printing high resolution images to wind catching fabrics without compromising the performance of the wind-catching fabrics" was used. '618 Patent, Claim 1.[4]

### 2. ImageSails Operative Contentions are Deficient as to Several of the Claim Elements

As to the other elements, the Court agrees with North Sails in part.

With regard to claim element 1[a],[5] ImageSails' contentions include a screenshot of North Sails' "request for quote" page and a comment explaining that "initially for [a] quote request of sails art, the size and dimensions related to [the] boat and rig are required" such that ImageSails infers that the printing process requires identifying the size and shape of fabric. Third Amend. Inf. Cont. at 244. To be sure, ImageSails also states that "[d]iscovery will be needed to confirm these inferences," but that is permitted within the Patent Local Rules. The Rules do "not require the disclosure of specific evidence or require a plaintiff to prove its infringement case but[,] to the extent appropriate information is reasonably available to it, a patentee must nevertheless disclose the elements in each accused instrumentality that it contends practices each and every limitation of each asserted claim." *Unicorn Energy*, 2023 WL 4670294, at *2 (cleaned up) (citing *SAGE Electrochromics*, 2013 WL 4777164, at *2)). The Rules thus leave ample space for discovery to confirm inferences that the patentee might reasonably draw from certain facts.

For similar reasons, the Court finds that claim elements 1[b] 1[d], 1[i], 1[l] and 1[m] are sufficiently charted at this juncture, while the Operative Contentions are deficient with respect to claim elements 1[e]–1[h] and 1[j]–[k]. *See* Third Amend. Inf. Cont. at 244-48. Specifically, claim

---

[4] For example, ImageSails' Second Amended Infringement Contentions contained at least some explanation (that "the performance has not been compromised because there is a man sailing on the boat."). *E.g.*, Second Amend. Inf. Cont. at 241. This is **not** to suggest that ImageSails needs to return to the 3,000-page chart of its Second Contentions; rather, to the extent that its analysis or explanation applies to any screenshots equally, it may include such analysis either before or after all of the screenshots to which the analysis applies.

[5] For simplicity, the Court will refer to the 13 claim steps as claim elements 1[a] – 1[m].

elements 1[e]–1[h] and 1[j]–[k] are insufficiently charted because they include no explanation of a factual basis upon which ImageSails draws its inferences of infringing activity or why ImageSails believes that discovery is likely to confirm such inferences. *See id.* In other words, even in the absence of discovery, North Sails is entitled to know the facts upon which ImageSails asserts infringement and, importantly, **how** those facts demonstrate infringement. *See, e.g.*, *SAGE Electrochromics Inc*, 2013 WL 4777164, at *1 (infringement contentions must set forth "**why** the plaintiff believes it has a reasonable chance of proving infringement." (Emphasis added)).

### 3. ImageSails' Does Not Disclose any Doctrine of Equivalents Theory

Next, the Court finds the Operative Contentions do not assert any theories of infringement under the doctrine of equivalents ("DOE"). Specifically, while prior infringement contentions included occasional invocations of the doctrine, (*e.g.*, Second Amend. Inf. Cont. at 236-484), ImageSails has removed all such references in its Operative Contentions, (*see* Third Amend. Inf. Cont. at 241-48).

### 4. ImageSails' Willfulness Disclosure is Insufficient

Finally, ImageSails' assertion of willful infringement consists of the assertion that "Defendant's infringement was willful because Defendant was aware of Plaintiff and Plaintiff's invention … and so likely was aware of the patent as well." Third Amend. Inf. Cont. at 2. As support, ImageSails relies on the declaration of Mr. Gohstand and his recollection of a February 16, 2015 conversation with John Gladstone, "who was head of graphics for North Sails" at the time, at the "Sail Strictly Miami" event as well as ImageSails' general efforts to approach large sailmakers with "with royalty and/or licensing proposals." *Id.* (citing Dkt. 1-2).

Under the Patent Local Rules, a "bare recitation of the required elements for willful infringement is insufficient as is a mere allegation of actual knowledge, without more." *Blue Spike*, 2015 WL 335842, at *8 (internal quotation marks and citations omitted). Rather, "[i]n this District, willful infringement requires a patentee to make out the barest factual assertion of knowledge of an issued patent[.]" *Id.* At a minimum, there must be a factual assertion of pre-suit knowledge of the asserted patent itself – not merely of the invention. *See id.* Here, even assuming that the conversation testified to by Mr. Gohstand tends to show North Sails' knowledge of

ImageSails' sailmaking method, there is no suggestion that John Gladstone or anyone else at North Sails had knowledge that Mr. Gohstand had *patented* the method. See Dkt. 1-2, ¶¶ 8-9. Thus, the declaration of Mr. Gohstand and ImageSails' willfulness contention are insufficient.

### 5. ImageSails' Contentions Directed to Quantum Sails Are Irrelevant

Finally, the Court agrees with North Sails that, to the extent any of the infringement contentions are directed to Quantum Sails rather than North Sails, without any explanation as to the relevance of Quantum Sails to this action, such contentions are irrelevant.

### B. Based Upon the Deficiencies Identified in Section III.A., the Court Will Strike the Contentions with Leave to Amend in Part as Set Forth Herein

As to the remedy sought by North Sails, at this early stage of the case, striking contentions with prejudice is inappropriate. "Striking a patentee's infringement contentions is a severe sanction that should be used sparingly and only for good cause." *Finjan*, 2015 WL 1517920, at *12. In the context of amending infringement contentions, "[t]he good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2018 WL 5619743, at *3 (N.D. Cal. Oct. 29, 2018) (citation omitted).

Here, this is the first motion to strike or to compel amendments, and the case is in a relatively early stage such that prejudice is limited; in such cases, absent "'egregious conduct' [or] 'bad faith,'" "[c]ourts in this District generally allow plaintiffs leave to amend." *See id*. Contrary to the arguments put forth by North Sails, the Court does not find ImageSails' conduct to have been in bad faith. Rather, the history as set forth shows a series of good faith, if misguided and flawed, attempts at amendment by ImageSails. *See, supra*, §§ I.A-D.

However, ImageSails' conduct raises serious concerns as to its diligence: Part of the diligence inquiry is whether a patentee has been "diligen[t] in discovering the basis for amendment." *See, e.g.*, *Applied Materials, Inc. v. Demaray LLC*, No. 20-CV-09341-EJD (NC), 2023 WL 12088683, at *2 (N.D. Cal. July 3, 2023). While ImageSails was "diligent" in serving amended contentions, the record raises substantial doubt that ImageSails was diligent in reviewing

10

the Patent Local Rules, understanding their import and seeking to serve conforming contentions that would place North Sails on notice of its theories of infringement.

In consideration of all of the foregoing, the Court will provide ImageSails one more opportunity to amend its contentions in accordance with the Court's guidance. Accordingly, the Court **ORDERS** as follows.

ImageSails' Operative Contentions are hereby **STRICKEN** for failure to comply with the Patent Local Rules. While ImageSails' contentions as to claim elements 1[b] 1[d], 1[i], 1[l] and 1[m] are sufficient, its remaining contentions are not.

ImageSails is **granted leave to amend** with regard to its chart for the preamble element of claim 1, as well as claim elements 1[e]–1[h] and 1[j]–[k].

ImageSails is **denied leave to amend** with regard to its assertion of doctrine of equivalents, willfulness and its contentions that appear to be directed to Quantum Sails. However, ImageSails may move for leave to amend as to these contentions in the future, pursuant to Patent L.R. 3-6, if supported by the requisite good cause. Importantly, ImageSails must take care to comply with its duties under the Patent Local Rules, including timely supplementation of its contentions as evidence in discovery becomes available.

Finally, because the Court has granted ImageSails leave to amend, it **DENIES** North Sails' request for dismissal of this case and **DENIES** its request for attorneys' fees.

### IV.   CONCLUSION

For the forgoing reasons, North Sails' Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**. ImageSails **shall serve** its fourth amended infringement contentions addressing the deficiencies identified herein **no later than January 30, 2026.**

**SO ORDERED.**

Dated: January 9, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

11