UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IMAGESAILS, LLC,

          Plaintiff,

    v.

NORTH SAILS GROUP LLC,

          Defendant.

Case No. 24-cv-07155-NW

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

Re: ECF No. 102

On February 10, 2026, Defendant North Sails Group LLC ("Defendant" or "North Sails") filed a motion for summary judgment. ECF No. 102. [1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing set for April 20, 2026, and DENIES the motion.

## I.     BACKGROUND

The facts of this case were detailed in prior orders denying Defendants' motion to dismiss and motion for judgment on the pleadings and are largely not repeated here. *See* ECF Nos. 55, 88.

Plaintiff ImageSails, LLC ("Plaintiff" or "ImageSails") filed this lawsuit against North Sails, alleging infringement of a single patent, U.S. Patent No. 10,618,618 ("the '618 patent" or "the asserted patent"). In its amended complaint, filed December 2, 2024, ImageSails provides charts with "exemplary evidence of infringement of the '618 patent" as attachments. ECF No. 15. Of note, ImageSails included a chart, titled Exhibit 15, mapping North Sails's products, defined as "sailboat sails of all types (mains, jibs, gennakers, spinnakers, etc.), and also sails for boats and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

other wind powered vessels (wind surfers, kite surfers, hang gliders, hot air balloons, blimps, etc.)," to the elements of claim 1 of the '618 patent. ECF No. 15-16 at 4. Two of Defendant's products, pictured in Exhibit 15 and referred to as the "Coors Light" sail and the "Sleighride" sail, are at issue in the instant motion.

Exhibit 15 breaks claim 1 of the '618 patent into 14 separate claim elements, reproduced below.

> A method for printing high-resolution images to wind-catching fabrics without compromising the performance of the wind-catching fabrics comprising: (Element 1 in Exhibit 15)
>
> identifying the size and shape of the wind-catching fabric; (Element 2 in Exhibit 15)
>
> selecting at least one image to print to the wind-catching fabric; (Element 3 in Exhibit 15)
>
> using image editing software to size the image to the proportions of the wind-catching fabric; (Element 4 in Exhibit 15)
>
> using image editing software to edit and prepare the image for three-dimensional software editing; (Element 5 in Exhibit 15)
>
> exporting a two-dimensional copy of the at least one image from the image editing software; (Element 6 in Exhibit 15)
>
> importing a three-dimensional image file with all geometric features of the wind-catching fabric, including a 1:1 dimension ratio and curvature of the wind-catching fabric; (Element 7 in Exhibit 15)
>
> importing the two-dimensional copy of the at least one image on the three-dimensional image file corresponding to the dimensions of the wind-catching fabric; (Element 8 in Exhibit 15)
>
> defining the size of the panels to include overlapping sections and margins for printing; (Element 9 in Exhibit 15)
>
> placing key lines on the at least one image; (Element 10 in Exhibit 15)
>
> exporting the panels as individual digital image files; (Element 11 in Exhibit 15)
>
> printing the image of the individual digital image files to the wind-catching fabric using a large-format digital printer, forming printed panels; (Element 12 in Exhibit 15)
>
> cutting the printed panels; (Element 13 in Exhibit 15) and
>
> sewing the panels together with a sailmaker's loom. (Element 14 in

United States District Court
Northern District of California

United States District Court
Northern District of California

Exhibit 15)

*See generally* ECF No. 15-16.

In Exhibit 15, next to the first claim element of "A method for printing high-resolution images to wind-catching fabrics without compromising the performance of the wind-catching fabrics" the images of Defendant's Coors Light and Sleighride sails (shown below) appear as exemplary evidence of infringement.



**Production Options**

**Figure 1.**





**Figure 2 (annotated).**

*Id.* at 7-8. The "Coors Light" sail is depicted in Figure 1; the "Sleighride" sail is shown as the red circled sail in Figure 2.

Both images appear only next to the first element in claim 1 of the '618 patent; the images do not appear as "exemplary evidence of infringement" for any of the other thirteen claim elements.

Following the Court's denial of its motion for judgment on the pleadings, Defendant filed the instant motion for summary judgment. ECF No. 102. Plaintiff opposed and Defendant submitted a reply. ECF Nos. 108, 112.

## II.    LEGAL STANDARD

### A.    Summary Judgment

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the

light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A genuine issue of material fact exists if there is sufficient evidence such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. The Court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id*. at 249.

### B. Invalidity

A patent is presumed valid. 35 U.S.C. § 282. "The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." *Id.*; *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 102 (2011). The burden can only be met by clear and convincing evidence. *Id.* "Thus, a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." *Eli Lilly & Co. v. Barr Lab'ys, Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

### III. DISCUSSION

Defendant argues "that there is no genuine issue as to any material fact that the asserted claim of U.S. Patent No. 10,618,618 (the '618 patent) are [sic] invalid under 35 U.S.C. §102(b) because at least two of the products accused of infringement by Plaintiff were on sale more than one year before [August 15, 2014,] the claimed priority date of the '618 patent."[2] ECF No. 102 at 5. In sum, Defendant asserts claim 1 of the '618 patent violates the "on-sale bar," embodied in Section 102(a)(1) of the Patent Act. It bars the patentability of inventions that were on sale prior to the date of the application for the patent. *See* 35 U.S.C. § 102(a)(1) ("A person shall be entitled to a patent unless the claimed invention was . . . in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention"); *see also Cargill, Inc. v. Canbra Foods, Ltd.,* 476 F.3d 1359, 1368 (Fed. Cir. 2007) (involving the application of the on-

---

[2] Paragraph (b) of 35 U.S.C. § 102 was replaced with § 102(a)(1) as a result of the Leahy–Smith America Invents Act ("AIA"). Pub.L. No. 112–29, September 16, 2011, 125 Stat 284. Section 102(a)(1) applies to patents filed eighteen months after the passage of the AIA, meaning after March 16, 2013. *Id.* Because Plaintiff claims that the earliest effective filing date of the '618 patent is August 15, 2014, Section 102(a)(1) applies. ECF No. 15-16 at 2. That said, the analysis of pre- and post-AIA on-sale bar law is the same. *Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*, 586 U.S. 123, 132 (2019) (holding that "Congress did not alter the meaning of 'on sale' when it enacted the AIA").

United States District Court
Northern District of California

sale bar to a patent issued before the adoption of the America Invents Act) and *Crown Packaging Tech., Inc. v. Belvac Prod. Mach., Inc.*, 122 F.4th 919, 924 (Fed. Cir. 2024).

The statute requires four conditions to establish an on-sale bar: "(1) the subject of the offer for sale must embody the claims of the asserted patent; (2) . . . the offer for sale must occur before the critical date of the asserted patent;" (3) the claimed invention is "the subject of a commercial offer for sale" and (4) the claimed invention is "ready for patenting." *Crown Packaging Tech., Inc.*, 122 F.4th at 924. "Whether the on-sale bar applies is a question of law based on underlying factual findings." *Junker v. Med. Components, Inc.*, 25 F.4th 1027, 1032 (Fed. Cir. 2022) (citation omitted).

To satisfy the first statutory condition and invalidate claim 1 of the '618 patent for violating the on-sale bar, Defendant "must demonstrate by clear and convincing evidence . . . that the subject matter of the sale or offer to sell fully anticipated the claimed invention or would have rendered the claimed invention obvious by its addition to the prior art." *Tec Air, Inc. v. Denso Mfg. Michigan Inc.*, 192 F.3d 1353, 1358 (Fed. Cir. 1999) (citation omitted). "[T]he first determination in the § 102(b) analysis must be whether the subject of the barring activity met each of the limitations of the claim, and thus was an embodiment of the claimed invention." *Scaltech Inc. v. Retec/Tetra, L.L.C.*, 178 F.3d 1378, 1383 (Fed. Cir. 1999); *see also Quest Integrity USA, LLC v. Cokebusters USA Inc.,* 924 F.3d 1220, 1228 (Fed. Cir. 2019). Accordingly, the Court begins the four-step on-sale bar analysis with whether the Coors Light and Sleighride sails meet each of the fourteen limitations of claim 1 of the '618 patent.

Here, Defendant fails to demonstrate by clear and convincing evidence that its two products, the Coors Light sail and the Sleighride sail, fully anticipate or render obvious the entirety of claim 1 of the '618 patent. Rather than put forward evidence, Defendant asserts that Plaintiff's inclusion of a single image of each product next to a single claim element as "exemplary evidence of infringement" satisfies its "burden to show that each of the accused sails meets each limitation of claim 1 of the '618 patent." ECF No. 102 at 11. Not so.

Claim 1 of the '618 patent includes fourteen claim limitations or elements. The Court notes that Plaintiff's inclusion of Defendant's images (which pre-date Plaintiff's patent) as

exemplary evidence of infringement of element 1 of claim 1 is likely strong proof that the Coors Light and Sleighride sails infringe, and therefore anticipate, element 1 of Plaintiff's claim 1. But Plaintiff's inclusion of these images, as exemplary evidence for *only* element 1 of claim 1, with no explanation of *how* these sails satisfy that claim limitation, does not provide the proof necessary at the summary judgment stage to establish that the Coors Light and Sleighride sails infringe and anticipate all fourteen elements of claim 1. Simply put, while the on-sale bar may be an issue, Defendant's motion fails due to lack of proof.

In conclusion, Defendant does not demonstrate by clear and convincing evidence, how these sails embody each and every element of asserted claim 1 of the '618 patent. Consequently, Defendant fails to satisfy the first statutory condition of demonstrating that "the subject of the barring activity met each of the limitations of the claim, and thus was an embodiment of the claimed invention." *Scaltech Inc.*, 178 F.3d at 1383.

Therefore, the Court need not proceed with the remaining steps in the analysis and summary judgment must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated: April 10, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

7