UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGESAILS, LLC, | Case No.  24-cv-07155-NW (SVK) |
| Plaintiff, | |
| v. | **ORDER FOLLOWING DISCOVERY HEARING RE DKTS. 121-24** |
| NORTH SAILS GROUP LLC, | Re: Dkt. Nos. 121, 122, 123, 124 |
| Defendant. | |

Before the Court are the Parties' four joint discovery submissions, concerning two motions to compel by Plaintiff and two by Defendant, related to discovery writ large. Dkts. 121-24. The Court strongly admonished the Parties regarding their failure to craft or respond to discovery demands diligently or reasonably under Rule 1 and set these matters for an in-person discovery hearing. Dkt. 127. The matters came on for hearing on May 14, 2026. Dkt. 131. Having considered the Parties' submissions and statements with regard to the updated status of discovery in this case, as well as the relevant law and the record in this matter, the Court issued guidance to the Parties and sustained certain objections on the record. Thereafter, with the Court's guidance, the Parties met and conferred in court on May 14 and ultimately resolved the remaining disputed discovery requests.

For clarity of the record, the Court memorializes its guidance and rulings here.

**A.      Guidance re Discovery**

**1.      Scope of Discovery**

- Manufacturing documents, and the manufacturing method employed by Defendant, are at the core of this case because the Asserted Claim is a method claim. Manufacturing documents regarding the accused products must be produced.

////

- Whether or not the Asserted Patent is limited to digital printing, it remains the case that only the six digitally-printed sails identified in Plaintiff's Fourth Amended Infringement Contentions are properly accused and at-issue:  Starry Night, Sea Monster, Beecher's (2 sails), MaiTai and Foggy.

- Financial data, from both Parties, must be produced.  The extent of the financial data produced depends on the damages sought by Plaintiff:  An assertion of lost profits or disgorgement, as opposed to a reasonable royalty, will require a full and complete financial production for Plaintiff and for Defendant as to the Accused Products.

- The Parties have both failed to diligently pursue email discovery, *e.g.*, by failing to timely negotiate search terms and custodians.  As a result of the Parties' respective lack of diligence, email searches need not be performed by either Party in response to **any** RFP.

### 2.    Discovery Process

- Where documents have been produced in response to an RFP, the producing Party must provide the general ranges of the Bates numbers of the documents produced.

- Where a Party contends that, after a diligent search, documents responsive to n RFP do not exist, the Party must provide a **verified response** (*i.e.*, verified by a client representative) so stating.

- The Parties do not anticipate withholding documents on the basis of privilege but, if they do so, have agreed to provide privilege logs.

- Sensitive financial data and technical documents may be marked Highly Confidential – Attorney Eyes Only under the protective order.  Not all  such documents are properly designated AEO, and the Parties must be reasonable in their designations.

- Where a Party has substantively answered an interrogatory, that answer is a representation and must be accepted as such (*e.g.*, if Plaintiff answers that its pre-suit investigation consisted of looking at Defendant's website, that is a sufficient response).

////

- The Parties are to begin a **rolling production** of documents, and their productions of documents are to be completed by **May 28, 2026**;  however, Plaintiff must produce as many documents relating to the deposition of Daniel Gohstand (*see* below) as practicable **no later than May 21, 2026**, to enable a substantive deposition.

- Verified, supplemental responses to RFPs and Interrogatories are **due on May 28, 2026**.

**B.      Specific Rulings**

**1.      Interrogatories**

The Court **SUSTAINS** Plaintiff's objections to Interrogatory nos. 8 and 14.  *See* Dkt. 121-1.  Plaintiff's remaining answers to Defendant's interrogatories are subject to the Parties' compromises agreed to on May 14, 2026.

**2.      Requests for Production**

The Court either **SUSTAINS** Plaintiff's objections to or **STRIKES** for lack of diligence RFPs 1-6, 75-77, 80, 62, 29, 30, 49, 54, 59-60, 64, 65-69, 71, 73, 78, 84, 27-28 and 79.  *See* Dkt. 121-1 (grouped roughly by topic rather than in numerical order).  The Court **SUSTAINS IN PART** Plaintiffs' objections to RFPs 63, which is fair insofar as Plaintiff has such documents, and RFPs 16-22, which are fair except as subject to potential privilege objections.  *See id.*  Plaintiff's remaining answers to Defendant's RFPs are subject to the Parties' compromises agreed to on May 14, 2026.

The Court **SUSTAINS** Defendant's objections to RFPs 2-10 as overbroad beyond the agreed upon 6 accused sails and Defendant's objections to RFPs 36-47 as overbroad to the extent they seek evidence of any conduct beyond willful infringement.  *See* Dkt. 122-1.  Defendant's remaining answers to Plaintiff's RFPs are subject to the Parties' compromises agreed to on May 14, 2026.

The Court either **SUSTAINS** Defendant's objections to or **STRIKES** for lack of diligence RFPs 56, 59, 65, 80, 84, 86, 90 and 93-95.  *See* Dkt. 123-1.  Additionally, the Court **SUSTAINS IN PART** Defendant's objections to RFP 85 as overbroad, and the Court limits the scope of RFP 85 to only documents relating to Plaintiff (and not other competitors).  *See id*.  Defendant's remaining answers to Plaintiff's RFPs are subject to the Parties' compromises agreed to on May

United States District Court
Northern District of California

14, 2026.

Finally, the Court either **SUSTAINS** Plaintiff's objections to or **STRIKES** for lack of diligence RFPs 85, 88, 93, 95-98, 106, 108-11, 116-17, 119-20, 126-29, 131 and 133-35. Moreover, the Court finds that RFPs 122-25 are not relevant to the needs of the case except to the extent that Plaintiff intends to call any of the persons financing this action to testify at trial; Plaintiff's objections to RFPs 122-25 are thus **CONDITIONALLY SUSTAINED**. Plaintiff's remaining answers to Defendant's RFPs are subject to the Parties' compromises agreed to on May 14, 2026.

### 3. Deposition of Daniel Gohstand

The Court heard argument on the matter of the in-person deposition of Mr. Gohstand. Key to the Court's decision are the following facts. First, Mr. Gohstand is the CEO and apparent sole employee of Plaintiff, as well as the inventor of the Asserted Patent. However, Mr. Gohstand is employed aboard a cruise line and is thus off-shore and, moreover, travelling outside this district, for long periods of time. Finally, Defendant has been seeking to take the deposition of Mr. Gohstand for several months. Balancing the above considerations, the Court **ORDERS** that the deposition of Mr. Gohstand shall take place when he is in **Juno, Alaska** on **May 24, 2026** at a time and place mutually agreed upon by the Parties, but Plaintiff shall pay Defendant's counsel's reasonable airfare and lodging costs.

## II. CONCLUSION

As discussed at the hearing and agreed upon by the Parties after extensive meet-and-confer, **rolling document productions**, **verified interrogatory responses** and the **in-person deposition of Mr. Gohstand** shall be completed in accordance with this Order.

**SO ORDERED.**

Dated: May 14, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

4

United States District Court
Northern District of California